# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SHERRI ANTWINE, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2426-CM |
| ) | |
| **DAIMLER-CHRYSLER SERVICES OF** ) | |
| **NORTH AMERICA LLC,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

On September 29, 2005, plaintiffs filed their complaint alleging sexual harassment, race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981. This matter comes before the court on defendant Daimler-Chrysler Services of North America LLC's Motion to Dismiss (Doc. 4). Defendant moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss plaintiffs' race discrimination claims under Title VII and 42 U.S.C. § 1981 for failure to state a claim.

**I.    Background**

In their complaint, plaintiffs allege that:

Defendant did not sexually harass or discriminate against white female employees, but concentrated such acts of discrimination and harassment on Black females, including plaintiffs, who were the exclusive victims of defendant's discriminatory acts. For this reason, plaintiffs were discriminated against by being sexually harassed repeatedly and continuously when they would not have been so treated had they been white.

Plaintiffs contend that their race discrimination claims are for disparate treatment under 42 U.S.C. § 1981. Plaintiffs argue that their race claims focuses on their allegation that they were treated abusively and sexually harassed and would not have been treated in such a manner had they been white.

Defendant contends that plaintiffs' race discrimination claims are that its employees engaged in unlawful sexual harassment of plaintiffs because plaintiffs are black, and not just because they are women. Defendant contends that, as a matter of law, plaintiffs cannot simultaneously challenge the alleged acts of sexual harassment as both unlawful sexual harassment and as unlawful race discrimination. Defendant essentially claims that plaintiffs have alleged no discrete acts in support of their race discrimination claims; rather, they are claiming that the race discrimination arises from the sexual harassment. Defendant further contends that any inference of race discrimination is weak because all of plaintiffs' alleged harassers are black.

## II.     Standard for Dismissal Under Fed. R. Civ. P. 12(b)(6)

The court will dismiss a cause of action for failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998), or when an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, *Maher*, 144 F.3d at 1304, and all reasonable inferences from those facts are viewed in favor of the plaintiff, *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The issue in resolving a motion such as this is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the

claims.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183 (1984).

### III.    Analysis

The federal rules require no more than "notice pleading" to adequately state a cause of action.  *See Phillips USA, Inc. v. Allflex USA, Inc.*, 1994 WL 398277, at *1 (D. Kan. July 6, 1994).  Notice pleading under Fed. R. Civ. P. 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  The complaint need not contain detailed facts, but it must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley*, 355 U.S. at 47.  More specifically, the complaint "must 'set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'"  *Gallardo v. Bd. of County Comm'rs*, 857 F. Supp. 783, 787 (D. Kan. 1994) (quoting *Gooley v. Mobil Oil Co.*, 851 F.2d 513, 515 (1st Cir. 1988)).  The issue is not whether a plaintiff will ultimately prevail, but whether she is entitled to offer evidence to support the claims.  *See Moridge Mfg., Inc. v. WEC Co.*, 1995 WL 520030, at *3 (D. Kan. Aug. 3, 1995) (citing *Scheuer*, 416 U.S. at 236).

Having reviewed plaintiffs' complaint and considered the parties' arguments, the court finds that plaintiffs' race discrimination claims are sufficient, at this point in the litigation, to withstand defendant's motion to dismiss.  The court is unwilling to find, with the bare facts before it, that the harassment that plaintiffs allege could not have some basis in both sex and race, despite defendant's assertion that all of the alleged harassers were black.  The court finds defendant's arguments more appropriate for a summary

judgment motion, after the facts of the case, specifically those supporting plaintiffs' race discrimination claims, have been more fully developed through discovery.

**IT IS THEREFORE ORDERED** that defendant Daimler-Chrysler Services of North America LLC's Motion to Dismiss (Doc. 4) is denied.

Dated this 24th day of April 2006, at Kansas City, Kansas.

                        **s/ Carlos Murguia**
                        **CARLOS MURGUIA**
                        **United States District Judge**